**Elmer T. TIMMONS, Plaintiff–Appellant,**

v.

**WICOMICO COUNTY HOUSING AUTHORITY; Deirdre Walker, Defendants–Appellees.**

**Elmer T. Timmons, Plaintiff–Appellant,**

v.

**Wicomico County Housing Authority; Deirdre Walker, Defendants–Appellees.**

Nos. 01–2403, 02–1113.

United States Court of Appeals, Fourth Circuit.

Submitted April 17, 2002.

Decided May 1, 2002.

John H. Morris, Jr., Baltimore, Maryland, for Appellant. Robin R. Cockey,

Cockey, Brennan & Maloney, P.C., Salisbury, Maryland, for Appellees.

Before WILKINS, LUTTIG, and GREGORY, Circuit Judges.

No. 01–2403 dismissed and No. 02–1113 affirmed by unpublished PER CURIAM opinion.

PER CURIAM.

In No. 01–2403, Elmer T. Timmons seeks to appeal the district court's order granting summary judgment to Defendants in Timmons' action alleging employment discrimination. We dismiss the appeal for lack of jurisdiction because Timmons' notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, *see* Fed. R.App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R.App. P. 4(a)(5), or reopens the appeal period under Fed. R.App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)).

The district court's order was entered on the docket on October 4, 2001. Timmons' notice of appeal was filed on November 21, 2001. Because Timmons failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

In No. 02–1113, Timmons appeals the district court's order denying his motion to extend the time to note his appeal from the order entered on October 4. The district court construed the notice of appeal filed on November 21 as a motion to extend the appeal period under Fed. R.App. P. 4(a)(5). The district court was without authority to construe Timmons' bare notice of appeal, which contained no request for additional time, as a Rule 4(a)(5) motion. *See Wilder v. Chairman, Cent. Classification Bd.*, 926 F.2d 367, 371 (4th Cir.1991); *Washington v. Bumgarner*, 882 F.2d 899, 901 (4th Cir.1989). We therefore affirm the district court's denial of Timmons' motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 01–2403—*DISMISSED.*

No. 02–1113—*AFFIRMED.*